A. A. CROSS *v.* J. N. BALLARD, H. M. BLAKE, AND H. J. BAKER.

*Action.   Parties.   Guaranty.*

The plaintiff leased a farm and stock to the defendant Ballard, by contract in writing not under seal, which purported to be a contract between them only, and the other defendants were not mentioned in the body of the instrument. The contract was signed by the plaintiff, and immediately after his signature was the following: "For the payment of said contract being fulfilled on the part of the said J. N. Ballard, we the undersigned will become responsible," which was signed by all the defendants. Ballard went into possession under said contract; but neither of the other defendants ever received any benefit from the contract, or from Ballard's occupancy thereunder; and their liability thereon rested solely upon their having signed the same as aforesaid. *Held*, that their undertaking was an independent guaranty, collateral to the principal contract, and that they were not joint contractors with the said Ballard.

ASSUMPSIT. The defendants jointly pleaded the general issue, offset, a special plea in bar, and gave notice of special matter in defence. The case was referred, and the court, at the September term, 1873, rendered judgment on the report for the plaintiff against all the defendants, for the full amount reported by the referees; to which the defendant excepted. The cause of action grew out of, and was founded upon, a written contract not under seal, whereby the plaintiff leased a farm to the defendant Ballard for one year, with certain stock thereon, for which said Ballard was to pay certain rent therein reserved, and do certain other

things, some of which are mentioned in the opinion. Said contract was signed by the plaintiff, and immediately after his signature was the following: "For the payment of said contract being fulfilled on the part of the said J. N. Ballard, we the undersigned will become responsible," which was signed by all the defendants. Said contract purported to be a contract between the plaintiff and the defendant Ballard only, and the other defendants were not mentioned in the body thereof. It appeared from the referees' report, that the defendant Ballard accepted said contract, and entered into the possession and enjoyment of said farm and stock thereunder; but that neither of the other defendants ever received any personal benefit under said contract, nor from the occupancy of the said Ballard thereunder; but that their liability was based solely upon the contract, and their signing the same as aforesaid.

*H. R Start*, for the plaintiff.

The defendants Blake and Baker, having joined with the defendant Ballard in all of their pleas, are now estopped from setting up any defence that is not a defence for Ballard, or claiming any judgment that Ballard is not entitled to. They cannot now claim that they are improperly joined with Ballard, that they are sureties or guarantors, and should have been declared against as such. This is a question that should have been raised by their several pleas. 1 Chit. Pl. 566; 9 Conn. 367. The defendants Blake and Baker are declared against according to their liability. They promised to perform the conditions of the lease, if the plaintiff would permit Ballard to occupy his farm. The same clause of the lease that made Ballard liable on the lease, made defendants Blake and Baker liable.

*C. P. Hogan*, for the defendants.

A joint liability must appear on the face of the pleadings, and must be proved as a fact on trial, where several parties are sought to be held liable jointly. 1 Chit. Pl. 43. Defendants Blake and Baker cannot be held jointly liable with defendant Ballard in the same form of action, and under the same declaration and count,

because of the distinctive difference between the nature and legal effect of their several contracts and promises. The declaration must be sufficient to hold all the defendants to a trial, provided upon the evidence all are found alike liable, in order to enable the plaintiff, under our statute, to maintain judgment against any one or more of them. *Reynolds* v. *Field*, 41 Vt. 225. The defendants are not estopped from denying their joint liability by pleading jointly the general issue and other pleas, all of which were traversed by the plaintiff. The plea of the general issue threw upon the plaintiff the burden of proving his entire case by evidence corresponding with and sustaining his allegations. One of the defendant's several pleas, cannot be used by the plaintiff as an admission of a fact denied by another. 1 Saund. Pl. & Ev. (5th Am. ed.) 59; *Montgomery* v. *Richardson*, 5 C. & P. 247; *Ingraham* v. *Lawson*, 2 M. & R. 253.

The opinion of the court was delivered by

REDFIELD, J. The contract between the plaintiff and Ballard is not under seal, and is very inartificially drawn. But Ballard agrees to pay the plaintiff certain rent for the use of the plaintiff's farm and stock for one year, and leave the stock, and wood, and grain on the farm, in a specified condition. The contract is signed by the plaintiff, and at the bottom is a memorandum in these words : "For the payment of said contract being fulfilled on the part of said J. N. Ballard, we the undersigned will become responsible," which is signed by Ballard and the other two defendants. Blake and Baker are not named in the body of the contract. Ballard having accepted the contract, which recited certain stipulations, to be performed by him, and having entered into possession under such contract, would be bound by the terms there recited. But Blake and Baker were not parties to the contract; no consideration moved between them and the plaintiff, and they are bound only by the terms of the memorandum by them signed. In *that*, they engage that the contract shall be performed " on the part of said Ballard." This is an independent guaranty, collateral to the principal contract, and does not render Blake and Baker joint contractors with Ballard.

54·

The judgment, therefore, of the county court as to Blake and Baker, is reversed, and judgment that they recover their cost; and affirmed as to Ballard.